ROY A. AHLSTRAND AND HELEN M. AHLSTRAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ahlstrand v. Commissioner
Docket No. 9372-77.
United States Tax Court
T.C. Memo 1980-368; 1980 Tax Ct. Memo LEXIS 215; 40 T.C.M. (CCH) 1176; T.C.M. (RIA) 80368; September 10, 1980, Filed *215 Held, deductions for "farm and home losses" and education expenses denied. Roy A. Ahlstrand, pro se. Richard C. McLaughlin, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated August 17, 1977 respondent determined deficiencies in petitioners' 1974 and 1975 Federal income taxes of $2,450.85 and $1,326.18, respectively. The issues for decision are whether petitioners sustained deductible losses for 1974 and 1975 for alleged "farm and home losses" and whether petitioners are entitled to a deduction in 1975 for the costs of sending their sons to a private high school and to a university. FINDINGS OF FACT There has been no stipulation of facts in the instant case. The joint exhibits submitted by the parties are incorporated in these findings *216 of fact by this reference. Petitioners Roy A. Ahlstrand and Helen M. Ahlstrand, husband and wife, were residents of Duluth, Minnesota when they filed their petition herein. Petitioners timely filed joint Federal income tax returns for 1974 and 1975. On their Federal income tax returns for 1974 and 1975 petitioners claimed "losses from farm and home" of $10,465 and $8,863.30, respectively. These losses claimed by petitioners are the result of an apparently bitter and protracted dispute between petitioners, various private organizations and various public figures and entities over a rifle range which was constructed near petitioners' farm sometime around 1960. Petitioners claim that in 1961 they were driven from their farm by "acts of violence, war, intimidations, injustice, corruption and government tyranny laid upon our farm property and family" by the Virginia (Minnesota) Rifle and Pistol Club, the National Rifle Association and the Minnesota National Guard. Petitioners moved from their farm in 1961 and thereafter decided to use a "self-help" remedy to recoup the alleged loss of their farm. Accordingly, petitioners have been claiming a farm loss in varying amounts on *217 every one of their Federal income tax and State of Minnesota income tax returns since approximately 1961. [1] Petitioners' claimed farm loss deduction has annually been sufficient to reduce their tax liability, as computed by petitioners, to zero thus "entitling" petitioners to full refunds of all taxes withheld. Petitioners have applied tax refunds received to reduce the claimed farm loss deduction for later years.Thus petitioners have, in effect, been using the Federal and State of Minnesota tax systems to compensate them for property which they alleged they abandoned in 1961. On their joint Federal income tax return for 1975 petitioners claimed a deduction of $1,423.05 for the costs of sending their son, Daniel, to a private high school in Duluth ($427) and sending their son, Erik, to the *218 Duluth campus of the University of Minnesota ($996.05). Petitioners enrolled Daniel at the private school because of the perceived unsavory atmosphere of the public school which Daniel had been attending. In the statutory notice of deficiency respondent disallowed in full petitioners' deductions for their farm losses and educational expenses. OPINION Petitioners bear the burden of proving that they are entitled to the deductions claimed. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Because petitioners have not done so we must hold for respondent. Petitioners' education expense is a nondeductible personal expense under section 262. [2] Payment by a parent of a child's high school or college expenses is clearly not deductible. Section 1.262-1(b)(9), Income Tax Regs.[3]
*219 The majority of the trial of the instant case pertained to petitioners' claimed home and farm loss. Despite repeated admonitions by this Court that only the issue of petitioners' tax liability for 1974 and 1975 was properly before the Court petitioner Roy A. Ahlstrand, the sole witness at trial, maintained a continuous harangue against those persons and organizations responsible for various wrongs which have allegedly taken place since 1961. Petitioners presented no evidence which would show that they sustained deductible losses during 1974 and 1975. It is apparent that if a deductible loss did occur then such loss was sustained in some year prior to 1974 and 1975 when petitioners left their farm. We have stated in a number of prior decisions, too numerous to be repeated herein, that this Court is not the proper forum for persons to vent their personal beliefs concerning the political system. We have no doubt that petitioners entertain some very sincere convictions regarding events which took place near their farm and have occurred since they left their farm. However, our jurisdiction is limited solely to determining the petitioners' correct tax liability for 1974 and 1975 and *220 we cannot afford them any other relief. Decision will be entered for the respondent. Footnotes
1. Petitioner Roy A. Ahlstrand testified that the losses have been claimed on petitioners' returns since 1961 but that they actually started around 1963. Petitioners' 1974 and 1975 Federal income tax returns assert that the losses were first claimed in 1967. At any rate, petitioners have continued to claim their farm loss on their Federal and State returns for each year through 1979.↩
2. Unless otherwise indicated all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Section 262 provides that, "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." ↩
3. Petitioners have not claimed that these expenses were incurred in order for petitioners to be gainfully employed. See Brown v. Commissioner, 73 T.C. 156↩ (1979).